28 So.2d 813

### BRINKLEY v. STATE.
### 4 Div. 982.

Court of Appeals of Alabama.
Jan. 21, 1947.

Lewis & Lewis, of Dothan, for appellant.

Wm. N. McQueen, Atty. Gen., and Geo. C. Wallace, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment charged this appellant, and two others, with the offense of robbery, specifically, "that they, feloniously took one 22 gauge Remington rifle, of the value of $10.00 the property of Carey Knowles, from his person or in his presence, and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same, against the peace and dignity of the State of Alabama."

The trancript discloses that before entering upon the trial one of the accused (Amos Mathis) was discharged from custody, the court, upon request of the Solicitor, entered a nol pros as to him.

The two remaining defendants were tried jointly and were convicted of the offense of grand larceny. The jury returning the following verdict, viz.: "We the jury find the defendants, James Price and Willie Brinkley, guilty of grand larceny," etc. Judgment of conviction was pronounced and entered and their respective punishment was fixed at imprisonment in the penitentiary for a period of five years. From said judgment the defendant, Willie Brinkley, took this appeal.

The Statute (Title 15, Section 323, Code of Alabama 1940) provides:

"When the indictment charges an offense of which there are different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of any degree inferior thereto, or of an attempt to commit the offense charged; and the defendant may also be found guilty of any offense which is necessarily included in that which he is charged, whether it be a felony, or a misdemeanor."

Under the provisions of above Statute the jury were authorized to find one or both of the defendants guilty of any degree of crime inferior thereto. The trial court delivered an excellent oral charge to the jury as a whole; but in said charge the court inadvertently stated: "It is the undisputed testimony that the gun was taken from the person or out of the hands of the State witness Knowles, * * *." The trial court evidently overlooked the testimony of State witness Knowles, the alleged injured party, who testified on direct examination that the rifle in question was worth $10 and that when he stopped his truck his dog was on the seat by his side, and the rifle was also on his right side leaning against the seat. Further, when he stopped his truck, "This yellow boy (defendant James Price) snatched the door open and snatched the rifle out." On his cross-examination, on this question, we quote from the record as follows:

"Where was the rifle in your car? A. It was lying on the seat on the right hand side of me, it and my dog were lying up there.

"Q. I will ask you if when he opened that door you didn't reach for that rifle? A. No, sir.

"Q. You didn't pick it up? A. No, sir.

"Q. You didn't pick it up and unbreech it? A. No, sir; I didn't touch the rifle."

If the testimony of State witness Knowles is correct, the offense, if any, could only have been that of petit larceny. The trial court so charged the jury. The only witness who testified that Knowles had hold of the rifle was the defendant James Price. Of course this was a question for the jury to consider and determine.

As to this appeal by appellant, Willie Brinkley, this court has considered the record en banc, and are unanimously clear to the conclusion that the verdict of the jury wherein this appellant was convicted of the offense of grand larceny is contrary to the law, and also the verdict and judgment of conviction are not sustained by the great preponderance of the evidence. These questions are properly presented for the consideration of this court. We therefore hold that the action of the trial court in overruling and denying defendant's motion for a new trial was error, and the exception reserved, in this connection, is well taken.

The judgment of conviction from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.