The facts of this case are fully set out in the opinion of the Court of Criminal Appeals, Connolly v. State, 500 So.2d 57
(Ala.Cr.App. 1985). The following summary of *Page 69 
those facts suffices for our review of the case.
Rodney Connolly and Jack Herriman II were charged in the strangulation murder of Kathy Jo Sands, Connolly's ex-girlfriend. According to evidence presented at trial, Herriman strangled Sands at the suggestion of Connolly, who was not present at the time of the killing. After Herriman telephoned Connolly to say that he "had done it," Connolly met him at Sands's apartment and the two men took the victim's car, gold watch, television, adding machine, and bank machine card. Connolly, Herriman, and a friend used the bank card to withdraw $200 from Sands's account, and they sold or pawned the other items.
Connolly was charged with the capital offenses of murder during a first-degree robbery and murder for hire; the latter charge was dismissed at trial. After the evidence was presented, Connolly's defense counsel orally requested the court to instruct the jury on several lesser-included offenses of the capital murder charge — specifically, murder, robbery, theft, and receiving stolen property. The trial court, however, omitted the instruction on murder and instructed the jury only on the offenses of murder-robbery, first-degree robbery, and first-degree theft. The defense counsel objected to the omission. The jury returned a verdict of guilty on the murder-robbery charge, with a recommended sentence of life imprisonment without parole, which the court adopted.
The Court of Criminal Appeals reversed the conviction on the ground that Connolly was entitled to an instruction on the lesser included offense of murder. The State petitioned this Court for writ of certiorari to review the issue of whether an oral objection to the omission of a jury instruction is sufficient to preserve the issue for review, despite the absence of a written request for the charge. We granted the petitions in this case and in Matkins v. State, 497 So.2d 194
(Ala.Cr.App. 1985), affirmed, 497 So.2d 201 (Ala. 1986), to resolve the question.
In Matkins, released this day, we agreed with the Court of Criminal Appeals that, according to Temporary Rule 14, A.R.Crim.P., an oral objection to the omission of a jury instruction is sufficient to preserve error on appeal, even though the instruction was not submitted in writing, but was orally requested.
In the present case, Connolly's counsel orally requested the court to give an instruction on the lesser-included offense of murder. The court, however, omitted the instruction in its charge to the jury, and the defense counsel objected to the omission. In light of our decision in Matkins, we hold that the objection was sufficient under Temporary Rule 14 to preserve the error for appellate review.
We affirm the decision of the Court of Criminal Appeals on this issue and in all other respects.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.