I concur in the opinion of the majority. However, with regard to Part I of that opinion, I point out that Temporary Rule 14, A.R.Crim.P., requires only that a party object to the court's giving or failing to give a written instruction, or to the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge "before the jury retires to consider its verdict." That rule does not require both a request for an instruction on a lesser included offense before the oral charge of the trial court and an objection to the court's failure to give that charge after the completion of the court's oral charge to the jury.
In Connolly v. State, 500 So.2d 68 (Ala. 1986), defense counsel orally requested a charge on a lesser included offense before the trial court instructed the jury and, then, objected to the court's failure to charge as requested after the court completed its oral charge. Connolly does not establish a rule that an oral objection to the omission of a jury instruction on a lesser included offense is sufficient only where a request for such an instruction is madebefore the oral instructions are given and an oral objection is made after the completion of the court's oral charge. In my opinion, and contrary to the holding of the majority opinion, defense counsel's request that the court charge the jury on manslaughter at the close of the court's oral charge was sufficient under Temporary Rule 14 to preserve the alleged error for appellate review. *Page 1031