This case raises the question of whether the trial court erred in denying the appellant's requested jury instruction on robbery in the third degree, especially in view of the fact that the Court of Criminal Appeals affirmed the trial court on the ground that the appellant failed to "specifically object." Rule 14, Ala.R.Cr.P.Temp. (now Rule 21, A.R.Cr.P.).
The appellant, Tommy McCall, was arrested and indicted in March 1990 for first degree robbery. Testimony at trial established that McCall followed the 69-year-old victim, Stanley Rose, from a neighborhood grocery store where Rose had cashed a Social Security check for $200. Rose testified that McCall shoved him up against a wall, pointed a gun at him, demanded his money, and then took the money from his front shirt pocket.
There was substantial evidence that McCall had robbed Rose. Rose positively identified McCall, as did two other witnesses. The major dispute was whether McCall actually had a gun or other dangerous weapon at the time of the robbery. Rose testified that McCall had a gun. Rose did admit that he was farsighted, that he needed *Page 629 
eyeglasses at the time of the robbery, and that he did not have eyeglasses on at the time of the robbery. Additionally, two other witnesses, Willa Dean Anthony and Ruby Ingram, testified that they did not see the petitioner use a gun or any other dangerous weapon at the time of the robbery.
During the jury instruction conference, defense counsel stated, among other things: "Judge, I assume you are going to charge on robbery in the first, second, and third?" The trial judge responded: "I am not — [I am] charging on robbery one only." Defense counsel then stated:
 "We would respectfully disagree with the Court in that there is evidence that has been adduced by the defendant that there was no weapon in the . . . commission of this alleged crime, and [on] the authority of the cases cited by the Supreme Court [and] Court of Criminal Appeals that he is entitled to a charge for robbery in the third degree."
At another point during the charge conference, the following occurred:
 "THE COURT: . . . Most of these [requested charges] will be covered in the oral charge but I cannot guarantee it . . . So the net effect is, I'm not giving any of these charges. Although I probably will cover most of them. We will argue and I will charge in the morning. Now you better note, of course, we have to have another charge conference. The first conference is to guide you all in arguing the case, the second conference is to note your objection, but it didn't hurt to note them now. I've never understood why they have two but that is the law, the rules.
 "MR. CHAMBLEE [defense counsel]: Your Honor, I have offered those that you have given and I guess I really need to wait in reference to my objections with the exception of robbery in the third degree. You indicated you're not going to give robbery in the third degree or robbery in the second degree.
"THE COURT: Either of them.
 "MR. CHAMBLEE: Which we except respectfully. And I will address the written requested charges after Your Honor has given the oral charge."
The trial court instructed the jury, and the following occurred:
 "MR. CHAMBLEE: I note you didn't give robbery in the third degree or second degree.
"THE COURT: Right.
 "MR. CHAMBLEE: We again respectfully ask the court again to do so."
The jury deliberated and found McCall guilty; the trial judge sentenced him to 20 years' imprisonment. The Court of Criminal Appeals affirmed his conviction by unpublished memorandum opinion stating: "The jury charge issue is decided adversely to the appellant for failure to specifically object."
We granted certiorari to review the record more closely, and based upon that review, we find that the trial court erred in refusing to give McCall's requested jury charge on robbery in the third degree. We also find that the Court of Criminal Appeals erred in affirming the trial court for "failure to specifically object."
The law in Alabama is clear: if a defendant asks for a jury charge on a lesser included offense, he is entitled to such a charge if there is any rational basis or reasonable theory that would support a conviction on the lesser offense. Ala. Code 1975, § 13A-1-9(b); Allen v. State, 546 So.2d 1009, 1012
(Ala.Crim.App. 1989); McConnico v. State, 551 So.2d 424
(Ala.Crim.App. 1988).
Third degree robbery is a lesser-included offense to first degree robbery.[1] *Page 630 
Thus, assuming there was any rational basis or reasonable theory upon which McCall could have been convicted of third degree robbery, he was entitled to a charge thereon.
The State argues that there is no rational basis or reasonable theory that would support a charge on third degree robbery. We disagree based on the evidence. Third degree robbery requires use of force or threat of imminent use of force in the course of committing a theft. Ala. Code 1975, §13A-8-43(a). First degree robbery requires the elements of third degree robbery, and in addition the defendant must have been armed with a dangerous weapon, or caused physical injury to the victim during the course of the robbery. Ala. Code 1975, § 13A-8-41(a)(1) and (2). Even though the victim testified that McCall used a pistol in the robbery, two other witnesses testified that they did not see a gun, and there was some evidence that the victim was farsighted.
We find that there was ample evidence from which to find a rational basis or reasonable theory that no dangerous weapon was used.[2] Therefore, the trial court should have instructed the jury on third degree robbery, unless, as found by the Court of Criminal Appeals, McCall did not "specifically object."
Rule 14, Ala.R.Crim.P.Temp., which was in effect at the time of McCall's trial, provides, in part, that "[n]o party may assign as error the court's giving or failing to give a written instruction, or the giving of any erroneous oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection."
Our review of the record indicates that McCall's counsel did not request a written instruction on third degree robbery, but the record is clear that the trial court knew, both before it gave its oral instruction, and immediately thereafter, that counsel wanted it to instruct the jury on third degree robbery. In each instance, counsel objected to the trial court's refusal to instruct the jury on third degree robbery, and when the first objection was made the reason given was 'there was no weapon in the . . . commission of the alleged crime [and, therefore, the defendant]' is entitled to a charge for robbery in the third degree.
The memorandum opinion of the Court of Criminal Appeals does not indicate the basis for its ruling.
If the Court of Criminal Appeals' affirmance of the conviction was bottomed on the failure of counsel to provide the court with written jury instructions, the court erred. This Court held in the companion cases of Matkins v. State,497 So.2d 201 (Ala. 1986), and Connolly v. State, 500 So.2d 68
(Ala. 1986), that an oral request for a jury instruction was sufficient to preserve error in a criminal case.
The State acknowledges that this Court has held inMatkins and Connolly that written requested instructions are not always required. The State argues that those two cases are distinguishable because, it argues, in those cases, defense counsel requested the trial judge, before he gave his oral instruction, to instruct the jury on lesser included offenses, and that in each case the trial judge agreed to instruct the jury on lesser included offenses, but then failed to do so. The State argues that "[i]n Matkins, this Court held 'that there was no requirement for the defendant to request a written instruction in this case.' 497 So.2d at 202. (emphasis in original)," and that "[p]resented with the same circumstances in Connolly, this Court again held that a written request was not required." *Page 631 
The State's argument is basically this: when the trial judge told McCall's counsel, before he instructed the jury, that he was not going to instruct them on lesser included offenses, it then became incumbent upon counsel to request, in writing, that the trial judge so instruct the jury. We cannot agree with the State's interpretation of Matkins and Connolly, that the principle of law stated in those cases is so circumscribed that it would apply only when the facts are identical to the facts in those cases. Because the State bottoms much of its argument on the phrase "in this case" in a paragraph in the Matkins
case, we believe that it is appropriate to quote the entire paragraph from Matkins, 497 So.2d at 202:
 "We are aware that some confusion has existed about whether a trial court can be put in error for failure to give an instruction unless the party objecting requests additional written instructions, but we are of the opinion that there was no requirement for the defendant to request a written instruction in this case. We note that this Court amended Rule 51, Ala.R.Civ.P., effective March 1, 1984, which was after the date of defendant's trial, to add the following sentence: 'Additional instructions shall be submitted in writing, except that with respect to any additional instruction taken from Alabama Pattern Jury Instructions, it shall be sufficient to identify said instruction on the record by reference to the number and title of said pattern jury instruction.' No such amendment has been made to Temporary Rule 14, Ala.R.Crim.P. Both Rule 14 and Rule 51 are identical, however, in stating that '[s]ubmission of additional explanatory instructions shall not be required unless requested by the court.' "
(Emphasis original.) The better practice, of course, would be for defense counsel to file a written requested instruction if the trial court fails to instruct the jury. See, H. Maddox,Alabama Rules of Criminal Procedure § 21.1, 593 (1990). The legal question presented here, of course, is whether the defendant is entitled to a new trial because the trial court failed to instruct the jury as orally requested by counsel. A very narrow reading of Temp. Rule 14 would sustain the argument of the State, but such a reading would violate the spirit of the rule.
In this case, it was obvious from the first charge conference that the trial judge was not going to give an instruction on the lesser included offense of third degree robbery. While counsel did not prepare a written instruction and give it to the judge, either at that time or after the court orally instructed the jury, it is quite clear that counsel was specific enough in stating why he thought such an instruction should be given. To hold that the counsel here had to request a written instruction in order to preserve his right to have the jury instructed on third degree robbery would be to elevate form over substance. Although we state again that the better procedure would have been for counsel to have prepared written requested instructions on the law, counsel's desire to have the jury instructed on Temp. Rule 14 (now Rule 21) does not require a written requested instruction in every case and under all circumstances. The rule does not require it here. Counsel not only objected specifically, but stated the grounds of his objection, and the record clearly shows that the trial judge was aware of the objection and the reason counsel was requesting it. Under these circumstances, the error was preserved for appellate review.
The judgment of the Court of Criminal Appeals is reversed, and the cause is remanded to that Court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] Section 13A-1-9, Ala. Code 1975, defines "lesser included offenses." Two of the subparts of the definition imply that third degree robbery is a lesser included offense to first degree robbery. First, § 13A-1-9(a)(1) defines a lesser included offense as one in which "[I]t is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged." First degree robbery requires all the elements of third degree robbery plus either: 1) being armed with a gun or deadly weapon or 2) causing physical injury to the victim. Thus, third degree robbery requires fewer facts to be proven than first degree robbery. Second, § 13A-1-9(a)(4) defines a lesser included offense as one which "differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person . . . suffices to establish its commission." Since third degree robbery encompasses use of force or threat of force and first degree robbery requires use of a gun or deadly weapon, less risk of injury would be present in third degree robbery. Seealso, Brinkley v. State, 32 Ala. App. 604, 28 So.2d 813 (1947).
[2] Also, there was no evidence that Rose was physically injured by McCall. *Page 632