PER CURIAM.
R.D.W. was indicted on a charge of first-degree rape, a violation of Ala.Code 1975, § 13A-6-61. The jury found him guilty of the lesser-included offense of first-degree *427 sexual abuse, see Ala.Code 1975, § 13A-6-66, and the trial court sentenced him to 10 years’ imprisonment. The Court of Criminal Appeals affirmed the conviction and sentence, with an unpublished memorandum. We granted certiorari review to consider whether the trial court erred by refusing to instruct the jury that certain out-of-court statements by the alleged victim had been taken without R.D.W.’s having been afforded the opportunity to cross-examine her.
I.
The evidence presented at trial tended to show the following. On July 7, 1996, R.D.W., who was 16 years old at the time, and his 7-year-old stepsister, M.W., were at a creek located near the home of M.W.’s father, with whom she was visiting for the week.[2] According to M.W., while they were at the creek, R.D.W. began kissing her on the lips, laid her on the ground, removed her clothing, and touched her “private parts.” M.W. further testified that R.D.W. put his “private part” in her “private part.” However, on cross-examination, M.W. testified that R.D.W. did not touch her “private part” with his “private part,” and on redirect M.W. testified that she did not remember whether R.D.W. ever put his “private part” into her “private part.” M.W.’s father testified that after the incident at the creek, M.W. told him that R.D.W. had tried to kiss her. When M.W.’s father asked R.D.W. what had happened at the creek, R.D.W. responded, “I’m not a child molester.”
M.W.’s mother reported the incident to the Department of Human Resources (“DHR”) and later took M.W. to a DHR office, where M.W. was interviewed by a social worker and a sheriffs deputy. M.W.’s statements to the social worker and the deputy were to the effect that R.D.W. had had intercourse with her on July 7 and that he had fondled her and had had sexual intercourse with her the preceding summer. A friend of M.W.’s testified to the effect that she had seen R.D.W. fondle and have sexual intercourse with M.W. the preceding summer.
M.W. was examined by a pediatrician less than two weeks after the charged incident was alleged to have happened. The pediatrician testified that M.W. had a small tear of her hymen and another vaginal injury that were consistent with forcible intercourse. The pediatrician, however, also testified that M.W.’s injuries could have been caused by something other than sexual abuse.
R.D.W. testified that he had not kissed M.W. or touched her in any way other than to hug her around the neck. He denied ever having had sexual intercourse with M.W.
R.D.W. was tried as an adult. After trial, the jury returned a verdict of guilty of the lesser-included offense of first-degree sexual abuse. The trial court sentenced R.D.W. to 10 years in the penitentiary. R.D.W. moved for a new trial, a judgment of acquittal, and/or arrest of judgment. The motions were denied by operation of law. R.D.W. appealed to the Court of Criminal Appeals, which affirmed the conviction and the sentence.
II.
R.D.W. argues that the trial court erred in refusing to instruct the jury that M.W.’s out-of-court statements were taken without his being afforded the opportunity to cross-examine her. At trial, MW.’s mother, the social worker, the sheriffs deputy, and the pediatrician all testified concerning out-of-court statements made by M.W. as to what happened on July 7 or as to prior occasions on which R.D.W. may have been alleged to have had sexual contact with M.W. At the close of all the evidence, *428 R.D.W. requested, in writing, that the trial court give the following instruction:
“Ladies and Gentlemen of the jury, in weighing the evidence in this case, you should consider that the Defendant was not present at the time of the out-of-court statements made by [M.W.] and you should consider that the out-of-court statements of [M.W.] were taken without the Defendant being afforded the opportunity to cross-examine her about these statements.”
R.D.W.’s requested written instruction, al-. though not verbatim, is substantially similar to the language of Ala.Code 1975, § 15-25-36, which provides: “The court shall inform the jury that the out-of-court statement was taken without the defendant being afforded cross examination of such outmf-court statement.”
The trial court refused to give R.D.W.’s requested jury instruction. Immediately after the trial judge had finished instructing the jury, and out of the presence of the jury, R.D.W.’s counsel made the following objection:
“Judge, we would renew our request for an instruction on the fact that there was no opportunity to cross-examine [M.W.] on her out-of-court statements and we would object to the instruction because it failed to include that.”
In its unpublished memorandum, the Court of Criminal Appeals concluded, relying on Knight v. State, 710 So.2d 511, 513 (Ala.Crim.App.1997), that this objection was insufficient to preserve as error the trial court’s refusal to give R.D.W.’s requested written instruction. The Court of Criminal Appeals stated that R.D.W.’s objection “was basically a restatement of his requested jury charge” and that “[h]e did not state any ground of objection.” The State likewise argues, based on Knight, that R.D.W. failed to preserve for appellate review the trial court’s refusal to give the requested jury instruction. R.D.W., the State argues, did not object to the trial court’s refusal to give his requested instruction, but simply renewed his request; thus, the State argues, R.D.W.’s objection was insufficient in that he did not state any specific grounds for including the instruction, but simply asserted that the requested jury instruction was a correct statement of law. The State also argues that § 15-25-36 does not apply to the facts of this case because, under the State’s reading of the statute, a trial court is required to give the prescribed jury instruction only when the victim is unavailable to testify. Thus, the State argues, because M.W. and the other witnesses whose testimony is at issue testified at trial, R.D.W. was not denied his constitutional rights of confrontation and cross-examination. Finally, the State argues that even if the trial court erred by refusing to give R.D.W.’s requested jury instruction, that error was harmless because R.D.W.’s counsel cross-examined M.W. and the other witnesses at trial and because, the State says, R.D.W. has not demonstrated that the refusal “injuriously affected [his] substantial rights.”
Rule 21.3, Ala. R.Crim. P., provides in pertinent part that “[n]o party may assign as error the court’s ... failing to give a written instruction, ... unless the party objects thereto!,] • • • stating the matter to which he or she objects and the grounds of the objection.” R.D.W.’s objection was sufficient under Rule 21.3. He objected to the trial court’s failure to give the requested written instruction and stated as grounds for his objection the fact that the jury had not been instructed that M.W.’s out-of-court statements had been taken without his being afforded the opportunity to cross-examine her. These grounds, taken together with R.D.W.’s written request, were sufficiently specific for purposes of preserving this issue for appellate review, because they put the trial court on notice of the substance of the alleged error and thereby provided that court an opportunity to correct it. See Ex parte Pettway, 594 So.2d 1196, 1200 (Ala.1991); Ex parte McCall, 594 So.2d 628, 631 (Ala.1991); Ex parte Washington, 448 So.2d 404, 406 (Ala.1984); see also Ex *429 parte Works, 640 So.2d 1056, 1058 (Ala.1994) (opinion as modified on application for rehearing) (“The purpose of requiring a specific objection to preserve an issue for appellate review is to put the trial judge on notice of the alleged error, giving an opportunity to correct it before the case is submitted to the jury.”); Finch v. State, 715 So.2d 906, 912 (Ala.Crim.App.1997) (“An objection must be specific enough to put the trial court on notice of any alleged error and provide the court with an opportunity to correct any error if necessary.”). The objection made by R.D.W.’s counsel differs from the objection involved in Knight. In Knight, the record showed that
“[w]hen the trial court declined to give the requested instruction, the [defendant] made a timely objection on the ground that the requested instruction was identical to one given by the trial court in a case where the out-of-court statements had been allowed, and that it was a correct statement of law.”
710 So.2d at 513. In contrast, R.D.W.’s stated ground for objection was not that the omitted instruction was a correct statement of law, but rather that the instruction given by the trial court was improper because it was incomplete.[3] While R.D.W.’s counsel did not specifically cite § 15-25-36, he did direct the trial court’s attention to what the statute in substance requires. Thus, the trial court was sufficiently apprised of the ground for R.D.W.’s objection, and, therefore, R.D.W.’s objection was sufficiently specific for purposes of Rule 21.3, Ala. R.Crim. P. Accordingly, because the trial court refused to give R.D.W.’s written requested jury instruction, R.D.W.’s specific objection, that the trial court erred by failing to give the instruction prescribed by § 15-25-36, was preserved for appellate review. See Ex parte McCall, 594 So.2d 628, 631 (Ala.1991) (“Counsel not only objected specifically, but stated the grounds of his objection, and the record clearly shows that the trial judge was aware of the objection and the reason counsel was requesting it. Under these circumstances, the error was preserved for appellate review.”).
III.
A trial court’s refusal to give a defendant’s requested jury instruction “constitutes reversible error only if such instruction (1) was correct, (2) was not substantially covered by the [trial] court’s charge, and (3) concerned a point in the trial which was so important that the failure to give the instruction seriously impaired the defendant’s ability to defend himself.” Dill v. State, 600 So.2d 343, 353-54 (Ala.Crim.App.1991), aff'd, 600 So.2d 372 (Ala.1992), cert. denied, 507 U.S. 924, 113 S.Ct. 1293, 122 L.Ed.2d 684 (1993). R.D.W.’s requested jury instruction was in effect the instruction required by § 15-25-36. We find, after examining the record, that the substance of the statute was not fairly and substantially covered by the trial court in its oral charge to the jury. See Rule 21.1, Ala. R.Crim. P. We conclude that the trial court’s failure to give the instruction required by § 15-25-36 “probably injuriously affected [R.D.W.’s] substantial rights” of confrontation and cross-examination. Rule 45, Ala. R.App. P. Our finding of probable injury is based on the plain language of § 15-25-36, which provides that the trial court “shall inform the jury that the out-of-court statement [made by a child alleged to have been the victim of sexual abuse] was taken without the defendant being afforded cross examination of such out-of-court statement.” The mandatory language of the statute makes ft clear that the Legislature has determined that this information is necessary to *430 a defendant’s defense in a child-sexual-abuse case.
The State argues that § 15-25-36 does not apply in this case because the victim testified at trial and was cross-examined by R.D.W.’s trial counsel. We disagree. Nothing in the plain language of the statute supports such an exception. Moreover, Ex parte B.B.S., 647 So.2d 709 (Ala.1994), is instructive. In Ex parte B.B.S., this Court addressed the admissibility of the State’s hearsay evidence under the Child Physical and Sexual Abuse Victim Protection Act, codified at Ala. Code 1975, §§ 15-25-30 through -40. The child alleged to have been the victim of sexual abuse testified at trial and denied that the defendant had subjected her to any sexual contact; therefore, the State proved its case-in-chief with witnesses’ testimony concerning the child’s out-of-court statements indicating that the defendant had subjected her to sexual contact. This Court construed subsection (2)b. of § 15-25-32, which requires that, to be admissible, “[t]he child’s out-of-court statement [be] shown to the reasonable satisfaction of the court to possess particularized guarantees of trustworthiness.” This Court held that “the ‘trustworthiness’ requirement applies to hearsay statements [of the child] whether the child testifies or not.” [4] Id. at 715. Similarly, we conclude, based on the rationale of B.B.S., that § 15-25-36 applies whenever out-of-court statements of a child are admitted into evidence, whether the child testifies or not. Cf. Fortner v. State, 582 So.2d 581, 586-87 (Ala.Crim.App.1990), cert. denied, 582 So.2d 587 (Ala.1991) (trial court gave jury instruction to the effect of § 15-25-36 where child testified at trial and was cross-examined by defense counsel). Accordingly, the trial court erred to reversal in refusing to give R.D.W.’s requested instruction.
rv.
We conclude that R.D.W.’s objection to the trial court’s refusal to give his requested instruction was preserved for appellate review and that the trial court’s failure to instruct the jury as required by § 15-25-36 constituted reversible error. Therefore, we must reverse the judgment and remand the case to the Court of Criminal Appeals for it to remand for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, HOUSTON, COOK, SEE, LYONS, JOHNSTONE, and ENGLAND, JJ., concur.
BROWN, J., recuses herself.*

. M.W.'s mother and father are divorced, and her father has remarried. The defendant is the son of the father’s second wife. M.W.’s father has visitation rights with her, including one week during the summer.

. R.D.W. also argues that the requested instruction was a correct statement of the law. This, alone, is not a sufficient objection: "The ground that a jury instruction is a correct statement of the law is insufficient to preserve an objection to the trial court’s refusal to give the instruction.” Knight, 710 So.2d at 513 (citing Jones v. State, 665 So.2d 982, 985 (Ala.Crim.App.1995)).

. This Court also held that subsection (2)b. had been incorrectly codified and that "it should have been codified as § 15-25-32(3), corresponding to the way the legislature enacted the provision.” Id. at 715. This Coucf stated this rationale:
"Although the question is not without difficulty, we think the Confrontation Clause, U.S. Const, amend. VI, requires that hearsay testimony should not be admitted without indicia of reliability, even if the declar-ant testifies. The hearsay allowed under the Act is not allowed because it has an inherent trustworthiness, but because of the difficulties presented by testimony of children of tender years. Without the ‘trustworthiness’ requirement, the Act, if it were construed as codified, would allow rampant hearsay of dubious probative value simply because the child has testified.”
Id. at 714-15 (footnote omitted).