COBB, Judge,
concurring in the result.
Gladys Eulane Higdon presented evidence at trial in an attempt to show that the shooting was the result of a mistake of fact. She filed written requests for jury instructions on mistake of fact as it related to manslaughter and to criminally negligent homicide, and the trial court denied these requests. Following the jury charge, Higdon objected to the court’s failure to give the requested charges on mistake of fact as it related to criminal negligence and mistake of fact as it related to manslaughter based on the facts of her *59 case. Higdon and the State have addressed the merits of the issue on appeal. The majority, in its unpublished memorandum, holds that Higdon waived the issue by failing to state specific grounds in support of her objection. I disagree.
In addressing the issue of preservation of a less than perfect objection to a jury charge, the Alabama Supreme Court has held:
“These grounds, taken together with [the appellant’s] written request, were sufficiently specific for purposes of preserving this issue for appellate review, because they put the trial court on notice of the substance of the alleged error and thereby provided that court an opportunity to correct it. See Ex parte Pettway, 594 So.2d 1196, 1200 (Ala.1991); Ex parte McCall, 594 So.2d 628, 631 (Ala.1991); Ex parte Washington, 448 So.2d 404, 406 (Ala.1984); see also Ex parte Works, 640 So.2d 1056, 1058 (Ala.1994)(opinion modified on application for rehearing)(‘The purpose of requiring a specific objection to preserve an issue for appellate review is to put the trial judge on notice of the alleged error, giving an opportunity to correct it before the case is submitted to the jury.’); Finch v. State, 715 So.2d 906, 912 (Ala.Crim.App.l997)(‘An objection must be specific enough to put the trial court on notice of any alleged error and provide the court with an opportunity to correct any error if necessary.’).”
Ex parte R.D.W., 773 So.2d 426, 428-29 (Ala.2000).
As in R.D.W., the objection here was specific enough to put the court on notice that Higdon was arguing that the evidence she presented warranted jury instructions on mistake of fact as that principle related to manslaughter and to criminal negligence. The court was sufficiently apprised of the ground for Higdon’s objection and the issue was preserved for review; the State has not argued otherwise. This Court should have addressed the merits of the issue.
Having examined the record, I believe that the trial court did not err in refusing the requested instructions, and that Hig-don is not entitled to any relief on this claim. Therefore, I concur in the result reached by the majority, because I agree that Higdon’s conviction is due to be affirmed.