On October 30, 1996, the appellant, Lowery Dale Wilson, pled guilty to second-degree promoting prison contraband. The trial court sentenced him, as a habitual offender, to serve a term of fifteen years in prison.See § 13A-5-9(b)(1), Ala. Code 1975. It then suspended his sentence and placed him on supervised probation for three years. The appellant alleges that, on February 10, 2000, his probation officer arrested him without a warrant. On March 9, 2000, the circuit court revoked his probation, and he did not appeal the revocation of his probation. On April 9, 2002, the appellant filed a Rule 32 petition, challenging the revocation of his probation. After the State responded, the circuit court summarily dismissed his petition. This appeal followed.
The appellant argues that the circuit court did not have jurisdiction to revoke his probation because "[t]he process for revoking [his] probation had not begun before [the] probationary period expired." (C.R. 14.) He also argues that he did not appeal the revocation of his probation through no fault of his own.[1] Specifically, he contends that he told his attorney to appeal the revocation, but that his attorney did not file an appeal. The State did not properly address the specific claims the appellant raises. Therefore, it did not refute those claims. Further, in its order dismissing the petition, the circuit court did not properly address the specific claims the appellant raises. Although the State and the circuit court make references *Page 581 
to an extension of the terms of the appellant's probationary period, neither specifically asserts, and the record does not establish, that his probationary period was extended. Also, neither the State nor the circuit court refutes the appellant's allegation that he told his attorney to appeal the revocation of his probation and that his attorney refused to do so. Therefore, the appellant's claims that the circuit court did not have jurisdiction to revoke his probation and that he did not appeal the revocation of his probation through no fault of his own appear to be meritorious.
Accordingly, we remand this case to the circuit court with instructions that that court make specific, written findings of fact concerning the appellant's specific claims. On remand, the circuit court may require the State to respond specifically to the appellant's contentions and/or may conduct an evidentiary hearing. The circuit court may also grant any relief it deems appropriate. On remand, the circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include the circuit court's written findings of fact and, if applicable, the State's response and/or a transcript of the evidentiary hearing.
REMANDED WITH INSTRUCTIONS.
McMillan, P.J., and Cobb, Shaw, and Wise, JJ., concur.
[1] The appellant raises other arguments in his brief to this court. However, we pretermit discussion of those arguments at this time.