On Rehearing Ex Mero Motu
This Court's opinion of November 23, 2005, is withdrawn, and the following substituted therefor.
Darryl D. Russell appeals the trial court's denial of his Rule 32, Ala. R.Crim. P., postconviction petition challenging the revocation of his work-release status.
On June 29, 2000, Russell pleaded guilty to unlawful possession of a controlled substance. He was sentenced to 20 years in prison under the Habitual Felony Offender Act, was ordered to pay $236 in court costs, was assessed $2,000 pursuant to the Drug Demand Reduction Assessment Act, and was ordered to pay $50 to the crime victims compensation fund. (C. 25.) On January 10, 2001, Russell was placed in the Lauderdale County Work Release Program. (C. 26.) On May 6, 2004, the State filed a motion to revoke Russell's work-release status because he "claim[ed] to work jobs that did not exist [and] is also the target of a federal investigation on a charge of conspiracy to traffic cocaine." (C. 26-27.) On May 20, 2004, the trial court held a hearing on the motion and on May 28, 2004, revoked Russell's work-release status. (C. 26.) *Page 1126 
On January 24, 2005, Russell filed a Rule 32 petition challenging the revocation. (C. 10.) On February 25, 2005, in a written order, the trial court summarily denied the petition. (C. 41.) On appeal, Russell argues that the trial court abused its discretion in denying his petition because, he says, the revocation was based purely on hearsay evidence, he had ineffective assistance when his attorney failed to timely appeal through no fault of Russell's, and he was never provided with a copy of the rules and regulations of the work-release program.[1]
 I.
Russell argues that he was not provided with a copy of the rules and regulations of the work-release program and that the revocation was based solely on hearsay evidence. Russell failed to argue at the revocation hearing that he was never provided with a copy of the rules and regulations of the work-release program or that the revocation was based purely on hearsay evidence. Because these claims are nonjurisdictional, they are procedurally barred under Rules 32.2(a)(3) and (5), Ala. R.Crim. P., because they could have been, but were not, raised at trial or on direct appeal.
 II.
Russell argues that he received in-effective assistance of counsel when his attorney failed to timely appeal the trial court's revocation of his work-release status. According to Rule 32.1(f), Ala. R.Crim. P., the issue of a defendant's failure to appeal because counsel was ineffective and through no fault of the petitioner's can be raised for the first time in an appeal from the denial of a Rule 32 petition:
 "(f) The petitioner failed to appeal within the prescribed time from the conviction or sentence itself or from the dismissal or denial of a petition previously filed pursuant to this rule and that failure was without fault on the petitioner's part."
Russell contends that he told his attorney to appeal the trial court's revocation of his work-release status but that the attorney failed to do so. This Court has held that an attorney's failure to timely appeal after a defendant requests that the attorney appeal the revocation of his probation is grounds for remand[2] for the trial court to consider the factual basis of the defendant's ineffective-assistance-of-counsel claim:
 "The appellant argues that the circuit court did not have jurisdiction to revoke his probation because `[t]he process for revoking This probation had not begun before [the] probationary period expired." (C.R. 14.) He also argues that he did not appeal the revocation of his probation through no fault of his own. Specifically, he contends that he told his attorney to appeal the revocation, but that his attorney did not file an appeal. The State did not properly address the specific claims the appellant raises. Therefore, it did not refute those claims. Further, in its order dismissing the petition, the circuit court did not properly address the specific claims the appellant raises. Although the State and the circuit court make references to an extension of the terms of the appellant's *Page 1127 
probationary period, neither specifically asserts, and the record does not establish, that his probationary period was extended. Also, neither the State nor the circuit court refutes the appellant's allegation that he told his attorney to appeal the revocation of his probation and that his attorney refused to do so. Therefore, the appellant's claims that the circuit court did not have jurisdiction to revoke his probation and that he did not appeal the revocation of his probation through no fault of his own appear to be meritorious.
 "Accordingly, we remand this case to the circuit court with instructions that that court make specific, written findings of fact concerning the appellant's specific claims."
Wilson v. State, 855 So.2d 579, 580-81
(Ala.Crim.App. 2002) (footnote omitted).
Therefore, we remand this case to the circuit court with instructions that the court make specific findings of fact on Russell's: specific claim that he requested that his attorney appeal the revocation of his work-release status and that the attorney failed to do so. On remand, the circuit court may conduct an evidentiary hearing, and it may grant any relief it deems appropriate, including granting Russell an out of time Appeal. The circuit court shall take all necessary action to ensure that the circuit clerk makes due return to this Court within 49 days of the release of this opinion. The return to remand shall include the circuit court's written findings of fact and,; if applicable, any response from the State and/or a transcript of the evidentiary heating.
For the foregoing reasons, this case is remanded to trial court with instructions.
ON REHEARING EX MERO MOTU: OPINION OF NOVEMBER 23, 2005, WITHDRAWN; OPINION SUBSTITUTED; REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.
* Note from the reporter of decisions: On October 20, 2006, on return to remand, the Court of Criminal Appeals affirmed, without opinion.
[1] Russell raised other issues in his petition that he does not raise on appeal; thus, those issues are deemed waived.
[2] In its brief, the State agrees that this case should be remanded for the trial court to make a factual finding as to whether Russell received ineffective assistance of counsel in failing to timely file a notice of appeal. *Page 1058