BURKE, Judge,
concurring in the result.
Joseph Wesley Stroud pleaded guilty to violating § 13A-ll-200(b), Ala. Code 1975. He had been charged by an information that stated:
“JOSEPH WESLEY STROUD, a resident of Alabama, having heretofore been convicted in the Criminal Court of Memphis, Tennessee for the offense of Rape in the Second Degree, did knowingly and willfully fail or refuse to register his legal residence with the sheriff of the county of his legal residence, within seven days of his release from legal custody, in violation of Section 13A-ll-200(b) of the Criminal Code of Alabama....”
(C. 16.)
During the guilty-plea proceedings, the trial court asked if there were any issues that Stroud would like to reserve for appeal, and defense counsel responded: “We would like to reserve the constitutional issues in the motion that we filed that the Court denied today that was filed back on August the 20th, 2010 about the statute being unconstitutional.” (R. 4-5.) The trial court again asked if there were any issues that Stroud would like to reserve for appeal, and defense counsel again responded: “The same one that I stated before he entered his plea of guilty was the fact that the statute is unconstitutional.” (R. 5-6.) The trial court noted the reservation.[2]
Stroud had previously filed a 30-page motion to dismiss, arguing that the statutory requirements for registration by sex offenders are unconstitutional. In the body of the motion, he cited the Alabama Community Notification Act (“the CNA”), codified at § 15-20-20 et seq., Ala.Code 1975, although he was convicted under § 13A-ll-200(b). Both the CNA and § 13A-ll-200(b) address registration requirements for sex offenders including the requirement that a sex offender notify certain authorities of his or her residence upon release from imprisonment. Section 13A-ll-200(b) requires, in pertinent part, that a sex offender “shall, upon his or her release from legal custody, register with the sheriff of the county of his or her legal residence within seven days following such release or within 30 days after September 7, 1967, in case such person was released prior to such date.” Section 15-20-22(a)(1) states, in pertinent part, that “[t]he responsible agency shall require the adult criminal sex offender to declare, in writing or by electronic means approved by the Director of the Department of Public Safety, the actual physical address at which he or she will reside or live upon release....”
Stroud clearly informed the trial court in his motion that his argument concerned the propriety of the charge against him— i.e., he asserted that he could not comply with the registration requirements of § 13A-ll-200(b) because he was homeless, and, thus, the entire statutory scheme is unconstitutional as applied to him. De *4 spite his reference to the CNA, his arguments placed the trial court on notice that his challenge was to the charge against him and concerned Alabama law pertaining to the residency requirements applicable to sexual offenders. See Ware v. State, 842 So.2d 38, 41 (Ala.Crim.App.2002) (Cobb, J. concurring in part and dissenting in part) (taking into account the language in Ware’s motion to reconsider and his language in his brief on appeal and stating “Certainly, Ware’s objection at trial was sufficient to put the trial court on notice of a potential error and to allow the trial court the opportunity to correct that error. Finch v. State, 715 So.2d 906, 912 (Ala.Crim.App.1997) (‘An objection must be specific enough to put the trial court on notice of any alleged error and provide the court with an opportunity to correct any error if necessary.’).”); Ex parte R.D.W., 773 So.2d 426, 428-29 (Ala.2000) (“These grounds, taken together with R.D.W.’s written request, were sufficiently specific for purposes of preserving this issue for appellate review, because they put the trial court on notice of the substance of the alleged error and thereby provided that court an opportunity to correct it. See Ex parte Pettway, 594 So.2d 1196, 1200 (Ala.1991); Ex parte McCall, 594 So.2d 628, 631 (Ala.1991); Ex parte Washington, 448 So.2d 404, 406 (Ala.1984); see also Ex parte Works, 640 So.2d 1056, 1058 (Ala.1994) (opinion as modified on application for rehearing) (‘The purpose of requiring a specific objection to preserve an issue for appellate review is to put the trial judge on notice of the alleged error, giving an opportunity to correct it before the case is submitted to the jury.’).... ”).
Thus, I believe that the trial judge understood Stroud’s objection and that his argument was preserved below and reserved for appeal. Compare Treslar v. State, 948 So.2d 570, 572 (Ala.Crim.App.2005) (trial court’s signature on a guilty-plea form containing the notation that Treslar reserved the right to appeal his motion to suppress indicated that the court understood that the issue had been reserved for appeal); Ex parte LaPointe, 926 So.2d 1055, 1060 (Ala.2005) (holding that the “record evidenced] the trial judge’s understanding that LaPointe had properly and timely preserved his right to appeal the youthful-offender issue”).
In Ex parte Hill, 71 So.3d 3 (Ala.2009), this court held that Hill had failed to preserve the issue whether he should have been allowed to withdraw his guilty plea due to the trial court’s failure to sentence him in accordance with the plea agreement. The Alabama Supreme Court reversed that determination, stating:
“Although Hill did not include precise language in his motion to the effect that a plea agreement between him and the State existed, he nonetheless referred to such an agreement between him and the State regarding the sentencing standards, i.e., ‘[t]he State and defense had agreed that a sentence under the sentencing standards, to be served in Community Corrections, if [Hill] were eligible, would be appropriate.’ We conclude that this general language in Hill’s May 30, 2007, motion clearly placed the trial court on notice that Hill wished to withdraw his guilty plea based on the existence of some agreement between him and the State regarding sentencing standards. Consequently, we hold that Hill’s timely filed motion was sufficient to preserve for review the issue whether a plea agreement did in fact exist between Hill and the State. See Bagley v. State, 681 So.2d 262, 264 (Ala.Crim.App.1995) (language in the appellant’s motion, although not precise, ‘placed the trial court on notice that [the appellant] wanted to withdraw his plea because [he] was objecting to not being sen *5 tenced in accordance with the purported plea agreement’).”
71 So.3d at 5-6.
In the present case, the trial court was aware of Stroud’s argument and noted that he had properly preserved it and had reserved it for appeal. The trial court was also aware of the nature of the argument when it denied Stroud’s motion to dismiss.
On appeal, Stroud argues only that Alabama’s residency-requirement statutes for sex offenders are unconstitutional as applied to him because, he says, he is homeless.[3] However, I believe that, unlike the homeless defendant in State v. Adams, [Ms. CR-08-1728, November 5, 2010] — So.3d - (Ala.Crim.App.2010), which Stroud cites on appeal in support of his argument, Stroud failed to present sufficient evidence to overcome the presumption of correctness that attaches to the trial court’s decision. The only indication in the record that Stroud was homeless was the statement in his motion to dismiss that he “was unable to find housing meeting the stringent requirements under the Community Notification Act. As a result, Mr. Stroud lived in Birmingham, Alabama as a homeless person. Primarily Mr. Stroud lived near the railroad tracks in downtown Birmingham.” (C. 17.) Stroud did not request a hearing or provide any evidence indicating that he could not have lived with a family member or elsewhere.
Based on the evidence before the trial court, there is no indication that the court abused its discretion in denying Stroud’s motion to dismiss. “Whether a trial court’s denial of a motion to dismiss an indictment was error is reviewed under an abuse-of-discretion standard of review. See Raper v. State, 584 So.2d 544 (Ala.Crim.App.1991).” Hunter v. State, 867 So.2d 361, 362 (Ala.Crim.App.2003).
I believe that Stroud preserved his argument below and reserved his argument for appeal, but I believe that the trial court did not abuse its discretion in denying Stroud’s motion to dismiss as to the issue pursued by Stroud on appeal: therefore, I concur in the result.

. It should be noted that the State does not argue on appeal that Stroud did not properly preserve and reserve his argument for appeal.

. In his motion to dismiss, Stroud also argued that Alabama's statutory scheme pertaining to sexual offenders violates the Ex Post Facto Clause of the United States Constitution and is, therefore, unconstitutional; is excessively punitive in relation to its purpose; impinges on rights to travel freely and to associate; is unconstitutionally vague; unduly restricts sex offenders as opposed to other felony offenders; and unduly restricts his right to a family relationship. He does not argue these issues on appeal; thus, they are waived. Russell v. State, 954 So.2d 1125, 1126 n. 1 (Ala.Crim.App.2005).