926 So.2d 1054 (2004)
Jonathan LaPOINTE
v.
STATE of Alabama.
CR-03-1245.
Court of Criminal Appeals of Alabama.
October 1, 2004.
Rehearing Denied November 19, 2004.
Robert Aaron Gartlan, Dothan, for appellant.
Troy King, atty. gen., and Jack W. Willis, asst. atty. gen., for appellee.
WISE, Judge.
APPEAL DISMISSED BY UNPUBLISHED MEMORANDUM.
McMILLAN, P.J., and BASCHAB, J., concur. COBB and SHAW, JJ., dissent, each with opinion.
COBB, Judge, dissenting.
In its unpublished memorandum, the majority relies on caselaw from this Court holding that a defendant must make clear his intent to preserve an issue for appeal before he enters his guilty plea, rather than as he enters his guilty plea. Based on my belief that we should reexamine our caselaw and its applications to cases such as this one in which the trial court has assured the defendant that his argument has been preserved for appellate review, I dissent and adopt the reasoning in my special writings in Mullins v. State, 920 So.2d 584 (Ala.Crim.App.2004) (Cobb, J., dissenting); Ginn v. State, 894 So.2d 793 (Ala.Crim.App.2004) (Cobb, J., dissenting); and Lewis v. State, 890 So.2d 214 (Ala. Crim.App.2003) (Cobb, J., dissenting).
SHAW, Judge, dissenting.
The plea colloquy quoted in this Court's unpublished memorandum dismissing Jonathan LaPointe's appeal indicates that the parties may have agreed before the plea was entered that LaPointe was reserving the right to appeal the trial court's denial of his application for youthful-offender status. Based on Smith v. State, 884 So.2d 3 (Ala.Crim.App.2003), and Rivers v. State, *1055 666 So.2d 33 (Ala.Crim.App.1994), I would remand this case for the trial court to supplement the record to clarify whether there was a preexisting agreement between the parties that LaPointe was reserving the right to appeal the youthful-offender issue.