We granted the petition of Jonathan LaPointe for a writ of certiorari to review the Court of Criminal Appeals' dismissal, by an unpublished memorandum, of LaPointe's attempted appeal from the Henry Circuit Court's denial of his application for youthful-offender status, followed by his plea of guilty to the offense of first-degree sexual abuse, pursuant to a plea agreement. LaPointe v. State, 926 So.2d 1054 (Ala.Crim.App. 2004) (Cobb and Shaw, JJ., dissenting). The pivotal issue is whether LaPointe preserved for appellate review, in connection with the guilty-plea proceedings, *Page 1056 
the issue of the denial of youthful-offender status.
LaPointe, who was 19 years old at the time the offense giving rise to his guilty-plea conviction of first-degree sexual abuse, a violation of § 13A-6-66, Ala. Code 1975, was committed, applied for youthful-offender treatment. Initially, the trial court granted LaPointe youthful-offender status, but, a week later, after the State had filed a motion asking the court to reconsider its decision, the trial court rescinded its previous order and denied LaPointe's application for youthful-offender status. After LaPointe unsuccessfully moved the court to reconsider its denial of his application, he entered into a plea-bargain agreement with the State, which the Henry Circuit Court approved and implemented when the agreement was subsequently presented to it.
 "Before entering his guilty plea, a defendant must reserve any issue as to which he wishes to appeal. Smith v. State, 884 So.2d 3, 6 (Ala.Crim.App. 2003). See also Ala. R.Crim. P. 26.9(b)(4) (`before entering the plea of guilty [the defendant must have] expressly reserved his or her right to appeal with respect to a particular issue or issues')."
Ex parte Mullins, 920 So.2d 589 (Ala. 2005). Rule 26.9(b)(4), Ala. R.Crim. P., in pertinent part, reads as follows:
 "(b) Pronouncement of Sentence. In pronouncing sentence, the court shall:
". . . .
 "(4) Inform the defendant as to the defendant's right to appeal; provided, however, in cases in which the defendant has entered a plea of guilty, the court shall advise the defendant of his or her right to appeal only in those cases in which the defendant (i) has entered a plea of guilty, but before entering the plea of guilty has expressly reserved his or her right to appeal with respect to a particular issue or issues, or (ii) has timely filed a motion to withdraw the plea of guilty and the motion has been denied, either by order of the court or by operation of law. . . ."
Rule 14.4, Ala. R.Crim. P., addresses that same subject, explaining what information concerning the defendant's right to appeal the trial court must impart to a defendant during a guilty-plea proceeding. It reads, in pertinent part:
 "(a) Colloquy With Defendant. In all minor misdemeanor cases, the execution of a form similar to Form C-44B [Explanation of Rights and Plea of Guilty] will be sufficient and no colloquy shall be required. In all other cases, except where the defendant is a corporation or an association, the court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court for the purposes of:
 "(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, by informing the defendant of and determining that the defendant understands:
". . . .
 "(viii) The fact that there is no right to appeal unless the defendant has, before entering the plea of guilty, expressly reserved the right to appeal with respect to a particular issue or issues, in which event appellate review shall be limited to a determination of the issue or issues so reserved. . . ."
The trial court undertook a guilty-plea colloquy with LaPointe, accepted his plea, and pronounced judgment and sentence at a proceeding conducted on April 21, 2004. After obtaining certain basic information from LaPointe and confirming his competency, the court had the following exchange *Page 1057 
with LaPointe, LaPointe's attorney Aaron Gartlan, and Assistant District Attorney Nereida Bundy:
 "THE COURT: Have you had enough time to discuss this case with your attorney, for him to advise you of your rights and for you to tell him your version of the facts?
"[LaPOINTE]: Yes, sir.
 "THE COURT: Have you had explained to you the rights that you will give up by entering a plea of guilty as set out on the Explanation of Rights form?
"[LaPOINTE]: Yes, sir.
 "THE COURT: Have you signed the form voluntarily, and do you understand it?
"[LaPOINTE]: Yes, sir, I do.
". . . .
 "THE COURT: Based on what you have told me here today, I find that your offer to plea (sic) guilty is willingly, knowingly and intelligently made, and I will accept your plea if the offer [is] given.
"[LaPOINTE]: All right.
"(Factual basis for the plea recited.)
 "THE COURT: To the indictment in this case, how do you plead, guilty or not guilty?
"[LaPOINTE]: Guilty.
 "THE COURT: Upon your plea of guilty, it is the judgment of the Court that you are guilty. Do you have anything to say as to why a sentence of law should not be pronounced upon you at this time?
"[LaPOINTE]: No, sir.
"THE COURT: What is the State's recommendation?
 "MS. BUNDY: Your Honor, the State would recommend a sentence of five years, with him being given credit for time served, and one year of supervised probation, a fine of $1,500, [Crime] Victims Compensation Assessment of $750, and $100 to the Headland Police Department.
 "THE COURT: And is that the recommendation as you understood it would be, Mr. LaPointe?
"[LaPOINTE]: Yes, sir.
"THE COURT: And your understanding, Mr. Gartlan?
 "MR. GARTLAN: Judge, it is, with one additional fact, that Mr. [Douglas Albert] Valeska [District Attorney for Henry County] and I both agreed that Mr. LaPointe would be able to preserve for appellate review the denial of youthful-offender status in this case. And he intends to give notice of appeal at this time of that. And we wanted to reserve the right to do that.
 "THE COURT: So, the guilty plea is made on the basis of reserving the right to appeal the youthful-offender issue?
"MR. GARTLAN: Yes, sir.
 "THE COURT: Okay. Well, I sentence you, then, to five years in the penitentiary — and I believe that is one year supervised probation?
"MS. BUNDY: Yes, Your Honor.
 "THE COURT: A fine of $1,500, $750 to the Victims Compensation Fund and costs. And how much to the Headland Police Department?
"MS. BUNDY: $100, Your Honor.
 "THE COURT: $100 restitution to the Headland Police Department. And on that basis, I guess he goes on probation.
"MR. GARTLAN: Yes.
"THE COURT: Then, he will be processed on out today.
"MR. GARTLAN: Yes, sir. Thank you, sir.
 "THE COURT: That is all subject to the reservation of the right to appeal the youthful-offender [issue]. *Page 1058 
"MR. GARTLAN: Yes, sir. Thank you."
In its unpublished memorandum dismissing LaPointe's appeal, the three-judge majority reasoned and held as follows:
 "LaPointe did not specifically reserve the right to appeal the denial of his request for youthful offender status before he entered his guilty plea. Instead, LaPointe waited until after he entered his plea and the trial court had adjudged him guilty of the offense before he noted his request to reserve the right to appeal the youthful-offender issue. Because LaPointe failed to properly reserve any issue for appellate review prior to entering his guilty plea and because he did not move to withdraw his guilty plea, he cannot proceed with this appeal. If LaPointe is entitled to any review of his guilty-plea proceedings that review would be through a postconviction proceeding pursuant to Rule 32, Ala. R.Crim. P.
 "For the above stated reason, this appeal is due to be dismissed."
Judge Cobb issued a dissenting opinion, recommending that the Court of Criminal Appeals reexamine its caselaw holding that a defendant must make clear his intent to preserve an issue for appeal before he enters a guilty plea, rather than as he enters it, particularly as applied to cases such as LaPointe's "in which the trial court has assured the defendant that his argument has been preserved for appellate review." 926 So.2d at 1054. Judge Shaw also dissented and wrote separately, based on his view that the plea colloquy indicated "that the parties may have agreed before the plea was entered that LaPointe was reserving the right to appeal the trial court's denial of his application for youthful-offender status" and that, on the authority of Smith v.State, 884 So.2d 3 (Ala.Crim.App. 2003), and Rivers v. State,666 So.2d 33 (Ala.Crim.App. 1994), a remand was in order "for the trial court to supplement the record to clarify whether there was a preexisting agreement between the parties that LaPointe was reserving the right to appeal the youthful-offender issue."926 So.2d at 1055.
As noted, when the trial court inquired of defense counsel whether the sentence recommendation by the State comported with counsel's understanding of the plea agreement, counsel confirmed that it did, "with one additional fact": that previously the district attorney and defense counsel had "both agreed that Mr. LaPointe would be able to preserve for appellate review the denial of youthful-offender status in this case." When defense counsel went on to explain that LaPointe intended to give notice of appeal at that time "of that" and stated that "we wanted to reserve the right to do that," the trial judge expressed his understanding that "the guilty plea is made on the basis of reserving the right to appeal the youthful-offender issue?" (Emphasis added.) Upon defense counsel's confirming that fact, the trial judge expressed his acceptance of the arrangement by stating "[o]kay" and then proceeding to announce sentence. Furthermore, after sentencing LaPointe, the trial judge concluded the proceeding by confirming, "That is all subject to the reservations of the right to appeal the youthful-offender [issue]."
Douglas Valeska, the district attorney, was not present for the plea colloquy and pronouncement of sentence, but Gartlan, representing LaPointe, advised the trial court that he and Valeska had both agreed that LaPointe would be able to preserve the denial of youthful-offender status for appellate review; it is obvious that Gartlan understood that the parties had such an agreement. Assistant District Attorney Bundy, representing the State at the proceeding, *Page 1059 
had obviously been apprised of that agreement because she acquiesced in Gartlan's statement of the nature of the agreement, taking no exception to the existence or accuracy of it. Although the trial judge did not expressly acknowledge that he had been aware of that feature of the plea bargain, he clearly evidenced his willingness to condition the guilty plea on the right to reserve the issue for appeal by stating, using the present tense, "So, the guilty plea is made on the base of reserving the right to appeal the youthful-offender issue?" and then responding "[o]kay" upon defense counsel's confirming that fact. This reasonably represents the trial judge's retroactive acceptance, while the guilty-plea proceeding was still ongoing, of the condition. That the trial judge either was already aware of the fact that the plea bargain was conditioned on LaPointe's reserving the right to appeal the denial of youthful-offender status or agreed while the proceeding was still underway that the condition could be inserted retroactively is strongly suggested by the fact that the trial judge did not advise LaPointe that he would have no right of appeal as to that issue.
As noted, Rule 14.4(a)(1)(vii) mandates that the court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court for the purpose of, among other things, informing the defendant of, and determining his understanding of, the fact that there is no right of appeal unless the defendant has, before entering the plea of guilty, expressly reserved the right to appeal with respect to a particular issue. Likewise, as noted, Rule 26.9(b)(4) obliges the trial judge, in connection with pronouncing sentence upon a defendant who has entered a plea of guilty, to inform the defendant of his right to appeal only in those situations where the defendant before entering the plea of guilty has expressly reserved his right to appeal with respect to a particular issue or has filed a motion to withdraw a guilty plea, which motion has been denied. Because the trial judge undertook on his own initiative to conclude the proceedings with the explanation, "[t]hat is all subject to the reservation of the right to appeal the youthful-offender [issue]," it is obvious that he considered that LaPointe had timely reserved the right to appeal the denial of youth-offender status in conformity with the procedure provided in the Alabama Rules of Criminal Procedure.
A guilty-plea proceeding is a fluid process, subject to revision and restructuring as matters develop. The trial judge was procedurally at liberty, even if he had not previously been apprised of the reservation feature of the plea bargain, to allow that feature to relate back to the time of the entry of the plea, as a condition to it, so long as this was done before the conclusion of the guilty-plea proceeding. By stating that the guilty plea "is made" on that basis, rather than observing that it "was made," and expressing his acceptance of that status by commenting "[o]kay," the trial judge appropriately allowed the necessary reordering of things, with the result that he was able to advise LaPointe that his guilty-plea conviction and sentence were "all subject to the reservation of the right to appeal the youthful-offender [issue]."
Rule 1.2, Ala. R.Crim. P., admonishes that the rules "shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of the individual while preserving the public welfare." The State, in connection with its argument that LaPointe's counsel did not properly preserve the issue of the denial of youthful-offender status for appellate review, also argues that LaPointe *Page 1060 
has a remedy through Rule 32, Ala. R.Crim. P., because "[i]f the reservation of the issue served as a condition of his guilty plea, a defendant would be able to challenge the voluntariness of his guilty plea in the post-conviction proceeding." We see no reason to require such procedural circuity and uncertainty of outcome in the face of a record evidencing the trial judge's understanding that LaPointe had properly and timely preserved his right to appeal the youthful-offender issue.
Accordingly, the judgment of the Court of Criminal Appeals is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.*
NABERS, C.J., and SEE, LYONS, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
* Note from the reporter of decisions: On August 12, 2005, on remand from the Alabama Supreme Court, the Court of Criminal Appeals affirmed, without opinion. On September 2, 2005, that court denied rehearing, without opinion. On October 14, 2005, the Supreme Court denied a second certiorari petition, without opinion (1041908).