Rel: 09/26/2014

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2014

_____

### 1130946

_____

### Ex parte Mary Jacque Bell

PETITION FOR WRIT OF CERTIORARI
TO THE COURT OF CRIMINAL APPEALS

(In re: Mary Bell

v.

State of Alabama)

(Baldwin Circuit Court, CC-12-704;
Court of Criminal Appeals, CR-12-1969)


MAIN, Justice.

WRIT DENIED.  NO OPINION.

Stuart, Bolin, Parker, Murdock, Shaw, Wise, and Bryan, JJ., concur.

Moore, C.J., dissents.

1130946

MOORE, Chief Justice (dissenting).

I respectfully dissent from the Court's decision to deny Mary Jacque Bell's petition for a writ of certiorari directed to the Court of Criminal Appeals. I would grant her petition to determine whether the trial court erred by refusing to instruct the jury on an alternative offense to the charged offense of first-degree robbery.

The evidence reveals the following facts. Nolan Boyington and Wade Cooper tried to take money from Ryan Stokes outside Bell's residence. During the encounter, Cooper pointed a gun at Stokes. Bell, who was away from the premises at the time, was charged with complicity in first-degree robbery, an offense that encompasses certain conduct occurring "in the course of committing a theft." 13A-8-41(a), Ala. Code 1975, referring to 13A-8-43(a), Ala. Code 1975. Witnesses disputed whether Bell was aware of the presence of the gun. Over the State's objection, the trial court denied the State's request for an instruction on second-degree robbery as a lesser offense included in the offense of first-degree robbery.

Bell was convicted of complicity in first-degree robbery and was sentenced to 20 years in prison. The Court of Criminal

2

1130946

Appeals affirmed her conviction, holding that Bell failed to preserve for appeal the trial court's refusal to instruct the jury on second-degree robbery as a lesser-included offense to first-degree robbery. I disagree.

Rule 21.3, Ala. R. Crim. P., requires a party to object to the court's failure to give an instruction in order to preserve that issue for appeal and applies to "the party requesting the charge," Bullock v. State, 697 So. 2d 66, 67 (Ala. Crim. App. 1997). Rule 21.3 exists "to ensure that requested charges are timely presented ... and supported by sufficient evidence." Ex parte Hatfield, 37 So. 3d 733, 738 (Ala. 2009).

The State, not Bell, requested the instruction on second-degree robbery and objected to the trial court's refusal to give the instruction. In so doing, the State put the trial court on notice that an instruction on the lesser-included offense was appropriate. Additional objection by Bell to the judge's denial of the State's requested instruction would have been futile, and "'[t]he law does not require the doing of a futile act.'" Craft v. State, 90 So. 3d 197, 204 (Ala. Crim. App. 2011)(quoting Ohio v. Roberts, 448 U.S. 56, 74 (1980)).

3

1130946

See also <u>Ex parte LaPointe</u>, 926 So. 2d 1055, 1060 (Ala. 2005)(holding that the preservation requirement does not require "procedural circuity"). The purpose of Rule 21.3 was achieved without an objection from Bell to the trial court's refusal to charge on the lesser-included offense.

Bell was entitled to an instruction on second-degree robbery because two participants "actively present" committed the offense of robbery, see § 13A-8-42(a), Ala. Code 1975, and the testimony as to whether Bell knew that a gun would be used in the robbery was disputed. In order for a defendant charged with first-degree robbery to be entitled to an instruction on second-degree robbery, "there must be evidence that the robbery was committed by two or more persons and that [the defendant] did not have ... knowledge that an accomplice was going to [commit the armed robbery]." <u>Ex parte Hannah</u>, 527 So. 2d 675, 677 (Ala. 1988)(holding that the petitioner was not entitled to an instruction on second-degree robbery because he knew that his codefendant had a gun). See also <u>Harris v. State</u>, 398 So. 2d 777, 779 (Ala. Crim. App. 1981)(holding that the appellant was not entitled to an instruction on second-degree robbery because he knew that his accomplice was armed

4

with a club). The disputed testimony about Bell's knowledge of the presence of a gun during the robbery entitled her to a second-degree-robbery instruction.

Finally, although Bell did not so argue, I believe that the trial court would have been correct in instructing the jury on attempted robbery in the first or second degree as a lesser-included offense. An incomplete theft by force could potentially satisfy the elements of either an attempted robbery, see 13A-4-2(a), Ala. Code 1975, or a completed robbery, see Ex parte Verzone, 868 So. 2d 399, 402 (Ala. 2003)(holding that the Code "does not require that a theft be accomplished for the elements of robbery to be established").[1] However, neither the robbery statutes (§§ 13A-8-40 through -44, Ala. Code 1975) nor the attempt statute (§ 13A-4-2, Ala. Code 1975) contains language expressly abrogating the offense of attempted robbery, which is one class lower than completed robbery, see § 13A-4-2(d), Ala. Code 1975.

---

[1]This Court has concluded that "our robbery statutes now define robbery as including what formerly would have been an attempt to commit robbery." Ex parte Curry, 471 So. 2d 476, 478 (Ala. 1984)(emphasis added). However, the attempt statute expressly provides, without exception, that attempted offenses are one class lower than their completed counterparts. § 13A-4-2(d), Ala. Code 1975. I believe that this Court should revisit its conclusion in Curry.

"[W]e must consider the statute as a whole and must construe the statute reasonably so as to harmonize the provisions of the statute." McRae v. Security Pac. Hous. Servs., Inc., 628 So. 2d 429, 432 (Ala. 1993). The attempt statute does not conflict with the robbery statutes because both attempted robbery and robbery can coexist as separate offenses. Therefore, I believe that the trial court could have instructed the jury on attempted robbery in the first or second degree.[2]

For the foregoing reasons, I respectfully dissent.

---

[2]Bell could be convicted of attempted robbery even if the State failed to indict her for attempted robbery. See 13A-1-9(a)(2), Ala. Code 1975.